FILED

Ruben Zebronio Martinez,
#G. 63531, P.O. Box, 10
50, Soledad, Ca., 939
60. 'PRO SE'

JAN 22 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

United States District Court
Northern District Of California EJD (PR)

CV 20-10470

Ruben Z. Martinez,
Plaintiff,

V., CDCR, D. Gongora,
M. Castagnola, J. Rob-
inson, Unit Classific-
ation Personal, Any
Employee who saw
     EOP Label Photo
For Cell Occupied Slot,
(Housing Location,) Ib-
arra, Holguin, Cortez,
Chavez,
Defendants.

Case No.:

"Complaint Under The Civil
Rights Act, 42 U.S.C. 3 1983",
And Any Other Statute Enfor-
ceable Under 42 U.S.C. 3 1981",
28 U.S.C. §§ 1331, 1343 (a)(3), 2201,
2202 ; Declaration.

"Demand For Jury Trial"

I.   Exhaustion Of Administrative Remedies.
(Exhibit(s) A—B.)

A.  Place Of Confinement When Rights Were Violated
Or Statute Violated: Pelican Bay State Prison
5905 Lake Earl Drive, Crescent City, California,
95531.

1

B.   Yes, There Was A Grievance Procedure At
That Institution.

C.   Yes, The Causation Facts, Were Exhausted.

D.   1.  No Informal Level.

   2.  First Formal Level: PBSP-S-18-01652,
Dated: 6/3/18, Denied. (Bypassed To Second Level.)

   3.  Second Formal Level: PBSP-S-18-01652,
Dated: 6/25/18, Partially Granted. (Inquiry "Completed".)

   4.  Third Formal Level: PBSP-S-18-01652,
Dated: 7/14/19, Denied.

   (a)  Institutional Level Disposition: PBSP-HC-18
000422, Dated: 6/26/18, Denied.

   (b)  Headquarters' Level Disposition: PBSP-HC-18
000422, Dated: 8/23/18, Denied.

E.   Yes, I Appealed To The Highest Level Of
Appeal Available To Me.

II.                    Parties

A.  Plaintiff(s): (1) Ruben Z. Martinez, #G.63531,
P.O. Box 1050, Soledad, Ca, 93960, Was And
At All Times Mentioned Herein An Prisoner Of
The State Of California In The Custody Of The
California Department Of Corrections & Rehab-
ilitation.

2

B. <u>Defendant(s)</u>: (1) California Department Of Corrections And Rehabilitation Is The Public Entity That Employed Defendant(s), (2)-(6), Mentioned In This Complaint At The Time Of The Causation For This Complaint.

(2) D. Gongora, At The Time Of The Causation For This Complaint Was An Correctional Officer ~~AAA~~ Who Held The Rank Of Correctional Counselor I, ("CCI"), At All Times Mentioned In This Complaint Held This Rank At Pelican Bay State Prison.

(3) M. Castagnola, At The Time Of The Causation For This Complaint Was An Correctional Officer Who Held The Rank Of Correctional Counselor I,                ("CCI"), At All Times Mentioned In This Complaint Held This Rank At Pelican Bay State Prison.

(4) J. Robinson, At The Time Of The Causation For This Complaint Was An Correctional Officer Who Held The Rank Of Warden At All Times Mentioned In This Complaint Held This Rank At Pelican Bay State Prison As Warden The Commanding Officer.

(5) Unit Classification Personal, At The Time Of The Causation For This Complaint Were

3.

Correctional Officer(s), (California Peace
Officers,) Or Non Peace Officer Employees
Who Held Unknown At The Time Of This Writt-
ing, "Ranks", Or Non Peace Officer Employee
Posistion(s) At All Times Mentioned In This
Complaint Held ~~This Rank~~ These Ranks Or
Non Peace Officer Employee Posistion(s) At
Pelican Bay State Prison At All Times Mention Herein.

(6) Any Employee Who Saw "EOP"
Label Photo, For Cell Occupied Slot, (Housing
Location,) At The Time Of The Causation For
This Complaint Was An Correctional Officer, (Cal-
ifornia Peace Officer,) Or Non Peace Officer Empl-
oyee Who Held Unknown At The Time Of This
Writting, "Rank", Or Non Peace Officer Emplo-
yee, Posistion(s) At Pelican Bay State Prison At
All Times Mentioned Herein.

(7) Ibarra, CDC No.: BE-1089, At The
Time Of The Causation For This Complaint Was
An Inmate At Pelican Bay State Prison An Prison-
er Of ~~00~~ The State Of California.

(8) Holguin, CDC No.: V-46881, At The
Time Of The Causation For This Complaint Was
An Inmate At Pelican Bay State Prison An Pri-
soner Of The State Of California.

4.

(9) Cortez, CDC No. AE-1735, At The Time Of The Causation For This Complaint Was An Inmate At The Pelican Bay State Prison An Prisoner Of The State Of California.

(10) Chavez, CDC No. AP-0108, At The Time Of The Causation For This Complaint Was An Inmate At The Pelican Bay State Prison An Prisoner Of The State Of California.

III.            Facts .

1.    On ~~5/14/19~~ 5/14/18, Plaintiff Was An Participant In The California Department Of Corrections And Rehabilitation, ~~MM~~ ("CDCR"), Mental Health Delivery System, ("MHSDS"), At The Enhanced Out Patient, ("EOP"), Level.

2.    He Was An "EOP" Prior To Arriving To Pelican Bay State Prison, ("PBSP",) For An Court Appearance On 5/3/18, From California State Prison SAC IV, ("CSP-SAC",) 'A'- Facility. 1

3.    ~~"CSP-SAC", 'A'- Facility Is An All "MHSDS" Facility. ('Was' An All "MHSDS", When Plaintiff Was Transfered To, "PBSP". For An Court Appearance On 5/3/18~~

FN. 1, Exhibit 'A' At Pg. 32, ~~(Inicistes)~~ Has Exhibits Pertinant To ¶¶ 9;10; 13;14; 17; 20; 29-32; 46-47;91; Incorporate Exhibit 'B' At Pg. 48, ~~(Inicistes)~~ To "Failure To Protect" Paragraphs.

3.   "CSP-SAC", 'A'- Facility Was An All "MHSDS", Facility When Plaintiff Was Transfered From This Facility To "PBSP" For An Court Appearance On 5/3/18.

4.   Upon Information And Belief It Was "PBSP" Policy To Isolate "MHSDS", From Their 'A' And 'B' Facility Since At Least "2010" To On Past "2018". (Isolate In Administration Segregation.)

5.   Upon Information And Belief It Was Common Knowledge Since At Least "2010" To On Past "2018", That "MHSDS", Inmates, Especially Hispanics, Were Inmates That Would Be Targeted For Victimizing With Violent Assaults.

6.   These "MHSDS", Inmate Were Attacked By "PBSP", 'A' And 'B', Facilities General Population, ("GP",) Inmates. (Commonly Known By "PBSP" Staff.)

7.   Upon Arrival To "PBSP" From "CSP-SAC", (¶¶ 2,3.) Plaintiff Was Housed In An Reception Building At "PBSP" 'B'- Facility. (Housing Location B 0021-122001L.)

8.   Plaintiff Arrived To "PBSP", Shortly Prior To 5/3/18.

9.   On 5/8/18, An Notice Of Classification Hearing ("NOCH"), Notice Was Prepared To Notify That Plaintiff Would Be Appearing Before An

6.

Unit Classification Committee On,(Or After) 5/10/18. This "NOCH" Designates Plain., As "MHSD" "EOP" Inmate.

10.  The "NOCH", Stated That All Case Factors Would Be Reviewed, Which Included Custody, Medical And Enemy Case Factors.(At Exh.'A'.)

11.  Upon Information And Belief, It Was At The Time Of The Causation For This Complaint Current "CDCR" Policy To Consider Notwithstanding All Case Factor, (¶10) 'Other' Available Information That Would Indicate Or Present An Immediate Risk Or Safety Concern For The Inmate Such As Security Issues, (e.g. ¶¶4,5,) Including Placement In An Administration Segregation Unit, ("ASU",) And Or Request For Protective Custody. (Infra ¶13.)

12.  Upon Information And Belief It Was At The Time Of The Causation For This Complaint Current "CDCR", Policy For Any Employee Of The "CDCR", To Be Held Responsible For The Safe Custody Of The Inmates Confined In The "CDCR" Institutions.

13.  On Wen Wednesday, March 2, 2017, At Approximately 1230 Hours Plaintiff Requested Protective Custody, (Sensitive Needs Yard, ["SNY"],).

7.

14. This Request Was Directed To Search And Escort Officer #2, Officer R. Ramirez And Noted On CDC-128B (Rev. 4/74) ~~Crono~~ Chrono. (Pleasant Valley State Prison, ["PVSP"].)

15. This Request For Protective Custody Or What Was Thought By Plaintiff To Be It's Equivalent, (Request For "SNY",) ~~Was From~~ Was For Protection From ~~Gene~~ "GP" Inmate's Gang Politics, Chiefly. (At Exh. 'A'.)

16. These Gang Politics Included Attacking With Physical Violence "Hispanic", "MHSDS" Inmates.

17. Upon Information And Belief Plaintiff Was Cleared By "UCC", (Unit Classification And Committee,) On Or After 5/10/18, (¶¶ 9,10,).

18. Subsequent Being Cleared By "UCC", Plaintiff Was Released To "PBSP" 'A'- Facility And Housed In Building A7-Cell 230L.

19. "PBSP" Facility 'A', Was At The Time Of The Causation For This Complaint An Non "MHSDS" Inmate Treatment "G.P." Facility.

20. On 5/14/18, Plaintiff An Then "MHSDS" Inmate Who Had Sought Protective Custody Over An Year Prior, (¶¶ 1,2,13-16.) Was Lethal Force Assaulted By Hispanic. "GP"

Inmates, 'Non' "MHSDS", "GP", Inmates. (Exh. 'C'.)

21.   As An ~~Resau~~ Result Of The Lethal Force Assault, Plaintiff Suffered: Multiple Stab Wounds, Including Face, Neck, Chest, Back And Abdomen, Closed Head Injury Acute Basilar Skull Fracture, Temporal Bone Fracture, Perforated Tympanic Membrane, ~~Acute Traumatic Membrane~~, Acute Traumatic Pneumothorax, Facial Fractures Including Zygomatic Arch Fracture And Maxilliary Sinus Fracture. (Exh. 'D')

22.   This ~~CC~~ Assault ~~Be~~ Besides The Resulting Physical Injury Caused Plaintiff Emotional Distress. ~~As An Result Of The Assal Assault.~~

23.   In Addition The Plaintiff Suffers Mood Disregulation, Which Upon Information And Belief Can Be Attributed To The Head Injury, (¶21,) That Resulted From The Assault.

24.   Upon Information And Belief Emotional Distress Can Trigger Or Worsen Mood Disregulation. (Per Pl. Psychologist Dr. Chovanec Of "CDCR".)

25.   As An Result Of The Assault Plaintiff Suffered Pain ~~four~~ Months Following The Assault.

26.   Plaintiff Suffered Permanent: Facial Scars; Facial Bone Displacement; Scars On Body. (Exh. 'C'-'D'.)



27.   ~~As An Result, Upon Information And Belief Plaintiff Suf~~

~~28.~~ 27. As ~~An Resad~~ Result Of The Injury, (¶ 21.) Plaintiff Suffers Subjective Hearing Loss In The Ear That Suffered The Peforated ~~Tem~~ Tympanic Membrane. (To This Day.) (Exh. 'E.')

~~29.~~ 28. As An Result Of The Injury, Plaintiff Suffers Subjective Head Ache Pain. (To This Day.)

~~30.~~ 29. Upon Information And Belief Defendants' (2) — (6), ~~(¶¶~~ (At Sect. 'B', At 3-4,) Peace Officers And Or Employees Of "CDCR", Had Constructive And Actual Notice Of Plaintiff Case Factors That Would Deem His Presence In "PBSP", 'A'— Facility An Immediate Threat To The Safety Of Self Or Others And Dangerous To Institutional Security. (Exh. 'A-9', "EOP.")

~~31.~~ 30. Upon Information And Belief There Were Four Hispanic Inmates That Perpetrated The "Attempted Murder", ~~Of't~~ On Plaintiff. (Defendants (7) — (10), At 4-5; ¶¶ 20, 21; Exh. 'A 10.')

~~32.~~   ~~Upon Information And Belief Defendants Were Negligent~~

~~33.~~

~~32.~~

10.

31.   Upon Information And Belief Defendants (2)-(6), (¶29.) Were Grossly Negligent By Housing Plaintiff At "PBSP", 'A'-Facility General Population Location. (¶¶ 4-19 Generally.) Where He Suffered Resulted Damages.

32.   Upon Information And Belief Defendants (2)-(6) At 3-4, Had Actual And Constructive Notice Of The Fact That Plaintiff Suffered From Mental Illness And Or Was Being Treated For Mental Illness. (Exh. 'A-9', "EOP".)

33.   Upon Information And Belief Defendants, (2)-(6) At 3-4,) Via Their Negligence Interfered With Judicial Determination In Case No.: CRPB 18-5039 In Del Norte County Superior Court For The State Of California; And

34.   In Case No.: NA 04 9834 Of Los Angeles County Superior Court For The State Of California.

35.   Said Interference With Judicial Determination Causes Plaintiff Emotional Distress.

IV.   ___Incorporation Note___

36.   Incorporated To Section II.,B, , Defendants At 3-4 Is, That Each Defen—

11.

dant As It Applies Is Sued Individually And
In His Official Capacity, (or Her Official
Capacity,) And At All Times Mentioned In
This Complaint Each Defendant Acted Under
The Color Of ~~State~~ Law. ( Def. "(2)-(6)".)

37. Incoporated To Section III, "FACTS", Is :

38. Upon Information And Belief, Subjective
Awareness Of Risk Of Harm Satisfies The
Requirement For Officials To Be Liable ~~Under~~
~~Eighth Amendment~~ For "Failure To ~~Protect~~."

~~39. Upon Information And Belief, the Prison Off-~~
~~icials Having Wanton Indifference~~

39. Upon Information And Belief Officials Having
An Objective Knowledge Of The Potential For
Danger Constitutes Wanton Indifference.

V. _Legal Claims_

40. Defendants (2)-(6) At 3-4 As It Applies,
(Their Names Cannot Be Known To Plaintiff
Without Discovery To Designate Subjective And
Objective Knowledge,) Were Wantonly Negligent
By Allowing Plaintiff To Be Housed In "PBSP"
'A' Facility Where He Was ~~Attacted~~ With
Lethal Force; ("Failure To Protect",);

41. ~~Where~~ They Had Objective Knowledge Of The Potential For Danger For "MHSDS", Hispanic Inmates Housed In "PBSP"('A'- Facility);

42. The Resulting Physical Injuries, Pain And Suffering, Intentional Infliction Of Emotional Distress, And Subjective Injuries Violated Plaintiffs Eighth Amendment United States Constitutional Right To Be Free From Cruel And Unusual Punishment.

43. Defendants (2)-(6) As It Applies, (Their Names Cannot Be Known To Plaintiff Without Discovery To Designate Subjective And Objective Knowledge,) Were Negligent For Not Correcting The Action Or ~~Attempting~~ To Correct The Action Of The Defendants Responsible For Allowing Plaintiff To Remain Housed In ~~PSS~~ "PBSP", Where They Had Subjective Knowledge Of The Potential For Danger For "MHSDS", Hispanic Inmates Housed In "PBSP"('A'-Facility.);

44. The Resulting Physical Injuries, Pain And Suffering, Intentional Infliction Of Emotional Distress, And Subjective Injuries Violated Plaintiffs Eighth Amendment United States Constitutional Right To Be Free From Cruel And Unusual Punishment.

13.

45.    Cruel And Unusual Punishment Was Not
       Imposed As Part Of The Sentence Which ~~Dict~~
       ~~tece~~ Dictated Plaintiffs' Then And Current
       Incarceration In The "CDCR".

46.    Defendant (2), D. Gongora And Defend-
       ant (3), M. Castagnola Per The "NOCH", (¶¶ 9, 10,)
       Had Objective Knowledge That Plaintiff Was An
       "EOP", "MHSDS" Inmate. Per "NOCH" Dated 5/10/19.
       (Exh. A9.)

~~47.    To Each Defendant, (Defendants (2)(~~

47.    Malice Is Applied To Each Defendant, (Def.
       (2)—(6),) As It Applies To Each Defendant
       Dependent On The Defendant Having Objective
       Knowledge Based On The Verbiage Of The
       Grievance, ~~(AA~~ (Exh. A6.) As Retaliation
       Is Alleged Thereft.

~~48.    Wreckless Negligence Is Applied~~

48.    Wreckless Intent Is Applied To Defen-
       dants (2)—(6). (As It Applies.)

49.    In Addition To The Pain And Suffering And
       The Remaining Stipulated Damages, (¶¶ 42 And 44,)
       Plaintiff Suffers Additional Hardship(s) Associated
       To The Damages Stipulated, (Generally,) Which
       Were Caused As An Result Of The Causation
       For This Complaint;

14.

50. Said Hardships Are Due To Defendants'
(2)—(6) Negligent Interferance With Judicial
Determination. (¶¶ 33.) Chiefly These Hard-
ships Aggravate The Plaintiff's Mood Disregulation,
Mental Illness, ~~AAA~~ Which Affect His Pro Se
Litigating, Burden His Legal Obligations In Seek-
ing Redress For Unlawful Prosecution In Case
No.: CRPB-18-5039 Of Del Norte County
And Reversal Of Conviction Of Case No.:
NA 04 98 34 Of Los Angeles County Both
Superior Courts Of The State Of California.

51. The Stress As An Poor Person Associated With
Legal Research And Seeking Professional Rep-
resentation Aggravate The Emotional Distress
As Well, The Results Of The Defendant's (2)—
(6) Negligence; ('Failure To Protect,');

52. The Plaintiff Does Not Leave The Emotional
Distress Suffered: Mood Disregulation Or Aggravated
Mood Disregulation As The Only Distress Suffered.

53. Plaintiff's Self Esteem Has Also Been Severly
Affected Due To Facial Scars And Scars On
His Body which Leave An Impression To People,
(Could,) That Plaintiff Cuts On His self.

54. Plaintiff Now Is Forced To Contemplate
Tattoos Or Cosmetic Surgery To Remove

15.

These Scars. As A Poor Person The Distress Is Enhanced. (Distress Not Limited To Said Distress.)

55. Plaintiff Also Suffered Stressed Family Relationships As An Result Of The Defendants, ((2)-(6),) which Caused Negligence. The Negligence which Resulted In From Physical Injury; (Failure To Protect),

56. The Quality Time Became Non Existent Plaintiff Only Able To Use The 15 Minutes Of Phone Time when Available Only On Legal Conversation That Him Not Understanding Made The Relationship Stressed Because His Family Less Understood;

57. These Damages which Resulted, (¶¶ 49-56,) Of The Defendants Negligence, (Def. (2)-(6),) Violated Plaintiffs Eighth Amendment U.S. Const. Rights.

VI. <u>Legal Standard (Associate To Facts)</u>

58. Obligation Arises Either From: (1) The Contract Of Parties;[2] Or (2) The Operation Of Law. (California Civil Code § 1428.)

---

FootNote: 2 Discovery Will Determine If "CDCR" Employees Signed An Contract(s) Prohibiting The Actionable Actions Alleged.

16.

~~59.      Defendants (2)-(6),~~

59.    Every Employee, Regardless Of His Or Her Assignment, Is Responsible For The Safe Custody Of The Inmates Confined In The Institutions Of The Department. ("CDCR".) (California Code Of Regulation ("CCR") Title 15 § 3271.

60.    New Arrivals At a Facility Or Inmates Who Require A Bed Assignment Change Will Be Housed In The First Available And Appropriate Bed, Taking Into Consideration All Relevant Case Factors. Staff Will Also Consider Other Available Information That Would Indicate Or Present An Immediate Risk Or Safety Concern For The Inmate Such As, But Limited To: (1) Security Issues Including ASU Placement; (2) Request For Protective Custody; (3) Medical Or Mental Health Issues. "CCR" Title 15 § 3269.1 (d) (1) (3)(5). (Respectively.)

61.    It Is The Duty Of Every Employee To Do Everything Possible To Prevent Disorders, et al., ("CCR" Title 15 § 3300.)

62.    Employees Will Not Openly Display ~~Disrespect~~ Disrespect Or Contempt For Others In Any Manner Intended To Or Reasonably Likely To Disrupt Orderly

17.

Operations Within The Institutions Or To In-
cite Or Provoke Violence. id § 3004 (b).

63. Employees Will Not Subject Other Persons To
To Any Form Of Discrimination Because Of Race,
Religion, Nationality, Sex, Political Belief, Age, Or
Physical Or Mental Handicap. id § 3004 (c).

64. When An Inmate's Presence In An ~~Iott~~ Instit-
ution's General Population, ("GP",) Presents An Imm-
ediate Threat To The Safety Of The Inmate Or
Others, ~~Endangers Institutional Security et al.,~~ —
The Inmate Shall Be Immediately Removed From
"GP" And Placed In Administrative Segregation ~~et.~~ "ASU"
~~al.~~ Administrative Segregation May Be Accomp-
lished By Confinement In A Designated "ASU", Or
In An Emergency, To Any Single Cell Unit Capable
Of Providing Secure Segregation. id § 3335.

65. The Purpose Of The ~~Administrative~~ Review Is
To Determine If The Reasons For Administrative
Segregation Placement Is Appropriate And Whether
Continued "ASU" Placement/Status Retention Is
Necessary, In Accordance With The Provisions
Of This Article. id § 3336 (a).

18.

66.  Retaliation Against Inmates who Report Incidents Of Staff Sexual Misconduct Shall Not Be Tolerated And Shall Result In Disciplinary Action And/Or Criminal Prosecution. Such Retaliatory Measures Include, But Are Not Limited To, Coercion, Threats Of Punishment, Or Any Other Activities Intended To Discourage Or Prevent An Inmate From Reporting Sexual Misconduct. id § 3401.5 (a)(5)(f).

67.  Courts Will Consider Any Complaints Or Grievance Reports Filed By Any Prisoner Related To An Condition(s) That Place An Prisoner In Serious Risk For Injury As Well As Prison Records That Refer To The Problem. Vance V. Peters 97 F.3d 987 (7th Cir. 1996)

68.  Prison Officials Cannot Ignore A Problem Once It Is Brought To Their Attention. Vance v. Peters. Supra.

69.  Negligence Is Presumed In Certain Circumstances In Which A Person Violates A Statute, Ordinance, Or Regulation, Thereby Causing Harm To Another. Cal. Evidence Code § 668.

19.

Non Power of... Enclosures
Separate
of Case

70.   Duty To Exercise Care Relative To Danger. When The Danger Is Great The Care Required Is Great. Globe Indem Co. V. Henderson (Cal. App. Oct. 10, 1921) 54 Cal. App. 510.

71.   A Person Is Justified In Assuming That He Is Not Exposed To An Danger Which Can Come To Him Only From A Breach Of Duty Owed Him By Another. Cal. Civil Code § 1714.

72.   In Order For Failure To Perform Mandatory Duty To Prevail As An Claim. The Duty Or Obligation Must Exist; The Breach Of The Obligation Must Be Shown; And The Resulting Damages From The Breach Must Be Shown. Oasis W. Reality LLC v. Goldman. 51 Cal. 4th 811, 821, 124 Cal. Rptr. 3d 256, 250 P. 3d 1115 (2011).

73.   Plaintiff Realleges And Incorporates By Reference Section V, (Legal Claims,) To Section VI, (Legal Standard.

VII.   Incorporation Note

74.   Plaintiff Realleges And Incorporates By Reference Pages 1-12 To Section V, (Legal Claims.)

20.

# VIII.   Legal Claims Toward 'Inmate' Defendants

75.   Plaintiff Incorporates And Realleges By Reference ¶¶ 20-27.

76.   Defendant's (7)-(10) Lethal Force Assault That Took Place When Plaintiff Was Not Violating Any Prison Rule, And Was Not Acting Disruptively, Violated Plaintiff's Rights Under The ~~Eigth~~ Eighth Amendment To The United States Constitution, And Caused Plaintiff Pain, Suffering, Physical Injury And Emotional Distress.

~~77.   Plaintiff Incorporates And Realleges By Reference Section IV, (Legal Claims,) And ¶¶ 75-77~~

77.   Plaintiff Incorporates And Realleges By Reference Pages 1-21.

78.   The Action's Of Defendants (2) And (3), Gongora And Castagnola Respectively[3]

Foot Note: 3   Following claim(s) Not Limited To These CDCR Employees.

21.

Constitute An Conspiracy To Retaliate.

79. Conspiracy Is Implied By Conduct Cal., Civil Jury Instruction # 3600.

~~80. An Prisoner Cannot Be Punish For Seeking Redress Against Prison Officials Or Staff~~

~~80. An Prisoner Cannot Be Punished For Seeking Redress Under Protected Conduct. Clim v. Wakinekona, 460 U.S. 238 (1983);~~

80. An Prisoner Cannot Be Punished For Seeking Redress Under Protected Conduct Against Prison Staff. Cleggett v. Pate, 229 F. Supp. 818 (N.D. Ill. 1964); Thaddeus-X v. Blatter, 175 F. 3d 378 (6th Cir. 1999).

81. "To Prove That The Warden Or A Correction Officer Has Illegally Retaliated Against You For Filing A Law Suit, You Must Show Three Things: (1) You Were Doing Something You Had A Constitutional Right To Do, Which Is Called "Protected Conduct". Filing A Section 1983 Claim Or A Grievance Is An Example Of "Protected Conduct" As Part Of Your First Amendment Rights; (2) What The Prison

22.

Official(s) Did To You, Which Is Called An "Adverse Action," Was So Bad That It Would Stop An "Average Person" From Continuing With Their Suit; And

82.   (3) There Is A "Causal Connection". That Means The Officer Did What He Did Because Of What You Were Doing. Or, In Legal Terms: The Prison Official's Adverse Action Was Directly Related To Your Protected Conduct."
(Jail House Lawyer's Hand Book (" JHLH "), Chapter Three At 46-47.)

83.   Example: "An Officer Learns That You Have Filed Suit Against The Warden And Throws You Into Administrative Segregation To Keep You Away From Law Books Or Other Prisoners Who Might Help You In Your Suit. The "Protected Action" Is You Filing A Lawsuit Against The Warden; The " Adverse Action" ~~Is You Placed~~ Is You Being Placed In The Hole. You Would Have A Valid Claim Of Retaliation Unless The Officer Had Some Other Reason For Putting You In The Hole, Like You Had Just Gotten Into A Fight With Another Prisoner." ("JHLH" At 47.)

23.

84.    In This Instant Plaintiff Was In Front Of The United States District Court Central District Of California Under D.C. No: 2:17-CV-06313-PA-PJW, Now D.C. No.: 2:18-CV-2:18-CV-08133-PA-PJW, "Protected Conduct" Element (1) Necessary To Prove That An Warden Or An Correctional Officer Has Illegally Retaliated Against You For Filing An Lawsuit.[4] (¶¶81-83.)

85.    In This Instant The Defendents, ((2) And (3), [See Footnote: 3 ],) Failed To Protect Plaintiff, The "Adverse Action". Element (2) Necessary To Prove The Warden Or An Correctional Officer Has Illegally Retaliated Against You For Filing An Lawsuit. (¶¶81-83.)

86.    The "Causal Connection" Element (3) The Third Necessary ~~Action~~ Element Necessary To Prove The Warden Or An Correctional Officer Has Retaliated Against You For Filing A Lawsuit, (¶¶81-83.) Is Met Because The Civil Suit Against ~~"CDCR"~~ "CDCR" Officials

Foot Note: 4 Plaintiff Was Back At "PBSP" For Court, Case No.: CRPB-18 5039, Superior Court Of California For The State Of California For Penal Code § 4501.5, (Cal.) Battery On Non-

L. Scott et al., (¶84,) Mentioned In The Grievance Material To This Complaint Is An ~~And~~ Suit That Is Public Information And "CDCR" Are Privy ~~To My te~~ To Plaintiffs Legal Pleadings Because They Are Sent Through The Mail For Copying And Reviewed By "CDCR" Personnel Before Copying.

87.   With Applying The Battery On Correction-al Officer ~~Doo~~ Avalos which Was Alleged On 7/3/16, (See Footnote: 4 ) In ~~Lieu Of~~ Combonation With "Protected Conduct", (¶84,) Element (1), The "Causal Connection", (¶¶84-86,) Element (3), Is Met Because The Alleged Battery On Correctional Officer Avalos Occurred At "PBSP" Where The Failure To Protect Alleged In This Complaint Occurred.

88.   There Was No Reason For ~~Defendant's~~ (2)-(3), (See Footnote: 3 ) To Not Perform Their Mandatory Duty And ~~Protect~~ Plaintiff An Documented Hispanic Last Name "MHSDS"

, Confined Person By An Prisoner. Which Ended Favorably For Plaintiff On: October 18, 2019. The Battery Was Alleged To Be Against Officer Avalos, Alleged To Have Occurred At "PBSP",

Inmate. From The Known Dangers Of Hispanic "MHSDS" Inmates Being Violently Assaulted On "PBSP" 'A — Facility.

89.   In This Instant Element (2) The Adverse Action Was So Bad As To stop Plaintiff From Pursuing Redress On An Attack That Occurred On August 30, 2019 At California Correctional Institution, ("CCI",) Perpetrated By Four Inmates, While Plaintiff Was Not Violating Any Prison Rules And Was Not Acting Disruptively.

90.   The Conspiracy To Retaliate By Def. (2) And (3), (See FN: 3 ) And Inmates Defendants Violated Plaintiffs Eighth Amendment Constitutional U.S. Rights And Caused Plaintiff Pain, Suffering, Physical Injury And Emotional Distress.

91.   The Attack On On 5/14/18 Of This Complaint, Followed By The Attack On 8/30/19, (Which Occurred After Seeking Redress For The Attack On 5/14/18,)

(Where The Failure To Protect ~~III Was~~ Is Alleged To Have Occured,) On: July 3, 2016. Also Motive For Retaliation, (Conspiracy To Retaliate.)

(Evident By The Date Of Occurrances And Filing Of Grievances,) Has Intimidated Plaintiff From Seeking Redress, For Attack On 8/30/19 At "CCI" As An "Retaliation Claim" For Seeking Redress For The Failure To Protect In This Instant Claim, Violate Plaintiffs Rights Under The First Amendment To The United States Constitution. Causing Injury To Plaintiffs First Amendment Rights. (Exh. 'A'.)

92.    Plaintiff In This Action Has No Plain, Adequate Or Complete Remedy ~~Attt~~ To Redress The Wrongs Described Herein.

93.    Plaintiff Has Been And Will Continue To Be Irreparably Injured By The Conduct Of The Defendants Unless This Court Grants The Relief Plaintiff Prays For.

IX.    Prayer For Relief.

94.    Plaintiff Respectfully Prays That This Court Enter Judgment Granting Relief As Follows:

95.    Declaratory Relief Where Ever Equitably Applicable;

27.

~~96. Compensatory Damages In The Amount Of $ 20,000,000.00 Against Each Defendant, Jointly And Severally;~~

~~97. Punitive Damages In The Amount Of $100,000,000.00, Jointly And Severally;~~

~~98. Continuing Damages In The Amount Of $10,000,000.00;~~

96. Compensatory Damages In The Amount Of $ 20,000,000.00, Against Each Defendant Jointly And Severally;

97. Continuing Damages In The Amount Of $ 10,000,000.00, Against Each Defendant Jointly And Severally;

98. Punitive Damages In The Amount Of $ 100,000,000.00, Against Each Defendant Jointly And Severally;

99. Incidental Attorney Fees. In An Amount To Be Established;

100. Recovery Of Cost Of This Suit;

101. Any Additional Relief The Court Deems Just, Proper, And Equitable.

Date: 1/8/20

Respectfully Submitted,

Ruben F. Martinez
Pro Se

28.

Declaration Of Ruben F. Martinez,
I Ruben F. Martinez Declare And State:

1. I Am Pro Se In This Action;

2. I Have Personal Knowledge Of The Facts Herein Stated And Am Prepared To Testify To Said Facts Competantly If And Whenever Necessary;

3. There Was Video Footage Of The Assault On Me, Regarding This Action" For Failure To Protect (All Else Is Resulting Damages);

4. No Real Dispute Exist As To The Failure To Protect On Behalf Of Defendants (2)—(6); And

5. The Video Shows The Inmate Defendants Perpetrating The Assault; And

6. The Medical Exhibits Show The Resulting Physical Injury;

7. The Afore And Above To Be True And Correct Under The Penalty Of Perjury; Except To Matters Alleged On Information And Belief These Matters I Believe To Be True.

Date: 1/12/20

Ruben F. Martinez
Pro Se

29.